PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  5:23-CR-49 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| GASPAR A. VELASQUEZ, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

This matter is before the Court upon Magistrate Judge James E. Grimes, Jr.'s Report and Recommendation ("R&R") that the Court accept Defendant Gaspar A. Velasquez's ("Defendant") plea  of guilty and enter a finding of guilty against Defendant.  ECF No. 33.

On January 25, 2023, the Government filed an Indictment against Defendant alleging violations of 18 U.S.C. §§ 1028(a)(2), (b)(1)(A)(ii), transfer of a false identification document; 42 U.S.C. § 408(a)(7)(C), transfer of counterfeit social security card; and 18 U.S.C. § 1028A(a)(1), aggravated identity theft.  ECF No. 1.  On December 19, 2023, the Court issued an Order referring the matter to the United States Magistrate Judge for the purpose of receiving Defendant's guilty plea. ECF No. 31.

On January 3, 2024, Magistrate Judge Grimes held a hearing during which Defendant consented to the order of referral (ECF No. 32) and entered a plea of guilty to Count 3 of the Indictment.  Magistrate Judge Grimes received Defendant's guilty plea, and issued a Report

(5:23-CR-49)

recommending that this Court accept Defendant Gaspar A. Velasquez's plea and enter a finding

of guilty.  ECF No. 33.

The time limitation to file objections to the Magistrate Judge's Report and

Recommendation has expired and neither party has filed objections or requested an extension of

time.

Fed. R. Crim. P. 11(b) states:

Before the court accepts a plea of guilty or nolo contendere, the defendant may be
placed under oath, and the court must address the defendant personally in open
court. During this address, the court must inform the defendant of, and determine
that the defendant understands, the following: (A) the government's right, in a
prosecution for perjury or false statement, to use against the defendant any
statement that the defendant gives under oath; (B) the right to plead not guilty, or
having already so pleaded, to persist in that plea; (C) the right to a jury trial; (D)
the right to be represented by counsel - and if necessary have the court appoint
counsel - at trial and at every other stage of the proceeding; (E) the right at trial to
confront and cross-examine adverse witnesses, to be protected from compelled
self-incrimination, to testify and present evidence, and to compel the attendance of
witnesses; (F) the defendant's waiver of these trial rights if the court accepts a
plea of guilty or nolo contendere; (G) the nature of each charge to which the
defendant is pleading; (H) any maximum possible penalty, including
imprisonment, fine, and term of supervised release; (I) any mandatory minimum
penalty; (J) any applicable forfeiture; (K) the court's authority to order restitution;
(L) the court's obligation to impose a special assessment; (M) in determining a
sentence, the court's obligation to calculate the applicable sentencing-guideline
range and to consider that range, possible departures under the Sentencing
Guidelines, and other sentencing factors under 18 U.S.C. §3553(a); and (N) the
terms of any plea-agreement provision waiving the right to appeal or to
collaterally attack the sentence.

The undersigned has reviewed the transcript and the Magistrate Judge's R&R and finds,

that in his careful and thorough proceeding, Magistrate Judge Grimes satisfied the requirements

of Fed. R. Crim. P. 11 and the United States Constitution.  Defendant was placed under oath and

(5:23-CR-49)

determined to be competent to enter a plea of guilty.  Defendant was made aware of the charges and consequences of conviction and his rights and waiver thereof.  Magistrate Judge Grimes also correctly determined that Defendant had consented to proceed before the magistrate judge and tendered his plea of guilty knowingly, intelligently and voluntarily.  Furthermore, the magistrate judge also correctly found that there was an adequate factual basis for the plea.

Upon *de novo* review of the record, the Report and Recommendation is adopted. Therefore, Defendant Gaspar A. Velasquez is adjudged guilty of Count 3 of the Indictment, transfer of counterfeit social security card, in violation of 42 U.S.C. § 408(a)(7)(C).


IT IS SO ORDERED.


      January 31, 2024                         */s/ Benita Y. Pearson*
Date                                          Benita Y. Pearson
                                              United States District Judge